IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO LUPIAN, JUAN LUPIAN, ISAIAS LUNA, JOSE REYES, and EFRAIN LUCATERO, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>JOSEPH CORY HOLDINGS LLC,<br><br><br>　　　　　Defendant. | Case No. _____ |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1.	This is an action brought on behalf of current and former delivery drivers challenging Defendant Joseph Cory Holdings LLC a/k/a Cory 1st Choice Home Delivery ("Defendant" or "Cory") unlawful practice of making deductions from their wages and failing to pay all wages due as a result of its misclassifying its delivery drivers as independent contractors instead of as employees.

2.	Plaintiffs Alejandro Lupian, Juan Lupian, Isais Luna, Jose Reyes, and Efrain Lucatero ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege that as a result of Defendant's misclassification, illegal deductions were made from their wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Alternatively, Plaintiffs allege that that as a result of Defendant's misclassification, illegal deductions were made from their wages in violation of the New Jersey Wage Payment Law, N.J. Stat. § 34:11-4.1, et seq. ("NJWPL"), the New Jersey Wage and Hour Law, N.J. Stat. § 34:11-56a, et seq. ("NJWHL"). Plaintiffs also allege that Defendant was unjustly enriched.

## PARTIES

3. Plaintiff Alejandro Lupian is an adult resident of Romeoville, Illinois. Lupian provided delivery services for Cory as a delivery driver from approximately 2001 until 2010, from approximately 2011 until 2012, and then again from January 2016 until June 2016. Cory classified Lupian as an independent contractor.

4. Plaintiff Juan Lupian is an adult resident of Aurora, Illinois. Lupian provided delivery services for Cory as a delivery driver from approximately 2003 until 2010, and then again from January 2016 until June 2016. Cory classified Lupian as an independent contractor.

5. Plaintiff Isaias Luna is an adult resident of Elgin, Illinois. Luna provided delivery services for Cory as a delivery driver from approximately 2010 until 2014. Cory classified Luna as an independent contractor.

6. Plaintiff Jose Reyes is an adult resident of Lake in the Hills, Illinois. Reyes provided delivery services for Cory as a delivery driver from approximately 2001 until 2009. Cory classified Reyes as an independent contractor.

7. Plaintiff Efrain Lucatero is an adult resident of Aurora, Illinois. Lucatero provided delivery services for Cory as a delivery driver from approximately 2000 until 2012. Cory classified Lucatero as an independent contractor.

8. Plaintiffs bring this action on behalf of a class of similarly- situated individuals, namely, all other persons who contracted to provide delivery services for Cory as delivery drivers (either individually or through a business entity) and who personally provided delivery services to Cory, who have either been classified as independent contractors or have not been paid or treated as employees.

9. Defendant Cory is a New Jersey corporation with its corporate office located in Secaucus, New Jersey.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Taken individually, Plaintiffs' claims exceed $75,000 and Plaintiffs' class claims in total exceed $5 million.

11. The Dedicated Contract Carrier Agreement that Cory required Plaintiffs to sign contains the following provisions:

> The Parties hereby consent to the exclusive jurisdiction of the courts of the state of New Jersey and waive jurisdiction of all other courts. The law of the state of New Jersey shall govern all interpretations of this Agreement or any rights or liabilities stemming from it or related to it in any such action.

12. Cory's principal place of business is in Secaucus, New Jersey. Therefore, venue in the District of New Jersey is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

13. Cory is in the business of providing the delivery of appliances, furniture, and other merchandise to its customers. Cory provides delivery services throughout the United States, and in Illinois specifically, for companies such as Bob's Discount Furniture, Ethan Allen, Rooms to Go, Crate & Barrel, Carson Pirie Scott, and Wayfair.com. In order to carry out this central function, Cory purports to contract with individuals, such as Plaintiffs, to drive a delivery truck and to deliver merchandise to customers' homes.

14. Cory provides delivery services in Illinois from various warehouses at which Cory's employees oversee and manage Defendant's deliveries.

15. Plaintiffs and other delivery drivers performed delivery services for Cory. In order to receive such work, Cory required its delivery drivers to sign an agreement drafted by Cory, which stated that they were independent contractors.

16. Although Cory classified Plaintiffs, as well as other class plaintiffs, as independent contractors, the behavioral and financial control manifested over the drivers by Cory,

both under the terms of their contracts and in fact, demonstrates that they are Cory's employees. Such control includes, but is not limited to the following matters:

a. Plaintiffs, as well as the other class plaintiffs, were required to report to Cory facilities in Illinois at a preset time determined by Cory.

b. Plaintiffs, as well as the other class plaintiffs, were required to make deliveries within time windows set by Cory.

c. Plaintiffs, as well as the other class plaintiffs, were required to wear a uniform when making deliveries for Cory.

d. Cory required Plaintiffs, as well as other class plaintiffs, to complete their route in a specific order. If Plaintiffs failed to complete their deliveries in the order specified by Cory, they would be subject to discipline.

e. Cory subjected Plaintiffs, as well as other class plaintiffs, to a rating system.

f. Cory retained the right to terminate Plaintiffs and other class members for any reason.

17. Plaintiffs worked full-time for Cory, often working six to seven days per week and 12 to 16 hours per day making deliveries for Cory. Though Plaintiffs and other class members routinely worked more than 40 hours per week for Cory, they did not receive an overtime premium for those hours worked over forty in a workweek.

18. Plaintiffs, as well as the other class plaintiffs, performed work which is in the usual course of business of Cory – *i.e.*, they performed delivery services and Cory is engaged in the business of providing delivery services to its customers.

19. Plaintiffs, as well as the other class plaintiffs, did not have an independently established trade or business in that they did not perform delivery services for anyone else while working for Cory; they were dependent upon Cory for their work; they did not negotiate with

Cory's customers regarding the rates charged for their services; and they did not contract with Cory's customers independently.

20. Cory deducted certain expenses directly from Plaintiffs' and the other class plaintiffs' checks, including deductions for insurance, any related insurance claims, truck rentals, and uniforms.

21. Cory required Plaintiffs and other class members to provide a safety deposit to Cory at the outset of their work relationship. Cory did not return the safety deposit to Plaintiffs upon their contracts terminating.

22. When Cory determined that a delivery had been made in a manner it deemed to be unsatisfactory (*e.g.*, damaged goods, damage to customer property), Cory would deduct the costs of such damage from Plaintiffs' and the proposed class members' pay checks. Plaintiffs and the proposed class could not appeal such deductions.

23. Cory did not get Plaintiffs' and other class members' freely given express written consent at the time it made deductions from their pay.

24. The deductions taken by Cory per paycheck were not for a uniform amount, but rather varied with each paycheck.

25. Cory compelled Plaintiffs and other class members to incur certain other expenses that would normally be borne by an employer, such as for workers' compensation or similar insurance coverage.

## CLASS ALLEGATIONS

26. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following classes:

> (a) all persons who contracted to provide delivery services (either individually or through a business entity) and who have provided delivery driver services directly to Cory in the State of Illinois at any time during the relevant statutory period, who were

>   not treated as employees of Cory (the "Illinois Class").
>
>   (b)   all persons who contracted to provide delivery services (either individually or through a business entity) and who have provided delivery driver services directly to Cory in the Unites States at any time during the relevant statutory period, who were not treated as employees of Cory (the "Nationwide Class").

27.   The Illinois Class and the Nationwide Class are together referred to as the "Class." Plaintiffs reserve the right to redefine the Class prior to class certification, or thereafter, as necessary.

28.   The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs believe that the Class numbers exceed forty (40) members.

29.   Common issues of law and fact predominate the claims of the entire Class. Specifically, all claims are predicated on a finding that Cory misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiffs are identical to the claims of the class members.

30.   The named Plaintiffs are adequate representative of the class because all potential plaintiffs were subject to Cory's uniform practices and policies. Further, Plaintiffs and the Class have suffered the same type of economic damages as a result of Cory's practices and policies.

31.   Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

32.   Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and

equity.

## Count I
### Illinois Wage Payment and Collection Act
### (Class Action on behalf of the Illinois Class)

33. Plaintiffs incorporate Paragraphs 1- 31 herein.

34. At all relevant times, Plaintiffs and the Illinois Class were "employees" of Cory as defined by the IWPCA.

35. At all relevant times, Cory was an employer of Plaintiffs and the Illinois Class as defined by the IWPCA.

36. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making deductions from employees' wages.

37. Cory violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiffs and the Illinois Class' wages.

38. Plaintiffs, individually and on behalf of the Illinois Class, seek all reimbursement for all unlawful deductions taken by Cory from Plaintiffs' and the Illinois Class' wages.

## Count II
### New Jersey Wage Payment Law (N.J. Stat. §§ 34:11-4.2, 24:11-4.4)
### (Class Action on behalf of the Nationwide Class)
### (In the alternative to Count I)

39. Plaintiffs incorporate Paragraphs 1- 31 herein.

40. As employees of Cory, Plaintiffs and members of the Nationwide Class are entitled to the protections of the New Jersey Wage Payment Law ("NJWPL").

41. The NJWPL requires that Plaintiffs and members of the Nationwide Class receive all wages owed. See N.J. Stat. § 34:11-4.2.

42. The NJWPL generally prohibits employers, such as Cory, from making deductions or withholdings from the wages of Plaintiffs and members of the Nationwide Class except for those deductions or withholdings permitted therein. *See* N.J. Stat. § 34:11-4.4.

7

43. As set forth herein, Cory has misclassified Plaintiffs and members of the Nationwide Class as independent contractors when they are actually employees under the NJWPL, who are entitled to the protection and benefits of these laws.

44. Cory violated the NJWPL by failing to pay Plaintiffs and members of the Nationwide Class all their wages due, and subjecting them to wage deductions and withholdings that are not specifically permitted by the NJWPL, including deductions for workers' compensation, equipment rental, insurances, and other business costs of Cory.

45. Plaintiffs and members of the Nationwide Class are entitled to damages in an amount to be proved at trial.

### Count III
### New Jersey Wage and Hour Law (N.J. Stat. §§ 34:11-56a(4))
### (Class Action on behalf of the Nationwide Class)

46. Plaintiffs incorporate Paragraphs 1- 31 herein.

47. Plaintiffs and members of the Nationwide Class are employees entitled to the protections of the New Jersey Wage and Hour Law ("NJWHL").

48. Cory is an employee covered by the NJWHL.

49. The NJWHL provides that employees who work over 40 hours in a workweek shall receive "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." N.J. Stat. § 34.11-56a4.

50. Plaintiffs and members of the Nationwide Class routinely worked in excess of 40 hours per week without any overtime compensation.

51. Cory fails to accurately track all hours that Plaintiffs and members of the Nationwide Class work.

52. Cory violated the N.J. Stat. § 34:11-56a4 by failing to pay Plaintiffs and members of the Nationwide Class overtime premium for hours worked over 40 hours in a workweek.

**Count III**
**Unjust Enrichment**
**(Class Action on behalf of the Nationwide Class)**

53. Plaintiffs incorporate Paragraphs 1-31 herein.

54. As a result of Cory's mischaracterizing of Plaintiffs and the Nationwide Class as "independent contractors," Plaintiffs and the Nationwide Class were forced to pay substantial sums of money for work-related expenses, including but not limited to costs associated with the purchase of worker's compensation or similar insurance.

55. Further, by mischaracterizing Plaintiffs and the Nationwide Class as "independent contractors" Cory evades its own employment-related obligations, such as providing workers' compensation coverageby illegally shifting these costs to Plaintiffs and the Nationwide Class.

56. By misclassifying their employees as "independent contractors," and by requiring those employees to pay its expenses, Cory has been unjustly enriched.

**Prayer for Relief**

WHEREFORE, Plaintiffs request that the Court enter the following relief:

A. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

B. Restitution for all deductions taken from Plaintiffs and the Class' pay and all other appropriate compensatory relief;

C. Prejudgment interest on the unpaid wages in accordance with, 815 Ill. Comp. Stat. 205/2;

D. Statutory damages pursuant to the formula set forth in the IWPCA, 820 Ill. Comp. Stat. 115/14(a);

E. Reasonable Attorney's fees, costs, and interest;

F. Any other relief to which Plaintiff and the Class members may be entitled.

**JURY DEMAND**

Plaintiffs demand a trial by jury for all issues of fact.

DATED: August 25, 2016         Respectfully Submitted,

s/   Alexandra K. Piazza
Shanon J. Carson*
Sarah Schalman-Bergen*
Alexandra K. Piazza
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel. (215) 875-3000
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

Bradley Manewith*
Marc J. Siegel*
Siegel & Dolan Ltd.
150 North Wacker Drive, Suite 1100
Chicago, IL 60601
Tel. (312) 878-3210
Fax (312) 878-3211
bmanewith@msiegellaw.com
msiegel@msiegellaw.com

Harold L. Lichten*
Matthew Thomson*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. (617) 994 5800
Fax (617) 994-5801
hlichten@llrlaw.com
mthomson@llrlaw.com

*Pro hac vice to be filed.