UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO LUPIAN, JUAN LUPIAN, JOSE REYES, EFFRAIN LUCATERO, ISAIAS LUNA,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH CORY HOLDINGS, LLC,<br><br>Defendant. | Civ. No. 2:16-05172<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Alejandro Lupian, Juan Lupian, Jose Reyes, Effrain Lucatero and Isaias Luna (collectively "Plaintiffs") bring this class action against Joseph Cory Holdings, LLC ("Defendant"), alleging violations of Illinois and New Jersey wage laws and unjust enrichment, in connection with Plaintiffs' independent contractor agreements with Defendant. This matter comes before the Court on Defendant's motion to certify an order for interlocutory appeal and stay proceedings pursuant to 28 U.S.C. § 1292(b). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

I.  BACKGROUND

On March 7, 2017, this Court issued an order and opinion ("Opinion"), dismissing with prejudice Plaintiffs' New Jersey wage law and unjust enrichment claims but allowing Plaintiffs' Illinois wage law claim to proceed. *See* Op., ECF No. 36. In response to Defendant's federal preemption argument, the Court concluded that the Illinois Wage Payment and Collection Act ("IWPCA") was not preempted by the Federal Aviation Administration Authorization Act ("FAAAA") because the IWPCA's effect on motor carriers' prices, routes or services was too tenuous, remote or peripheral to warrant preemption. *Id*. at 7–8. The Court was persuaded by the Seventh Circuit's reasoning on the issue, which found that the IWPCA regulates a labor input and is one or more steps removed from the service that motor carriers offer to their customers at a particular price. *Id*. (citing *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1055 (7th Cir. 2016)). The Court further concluded that the IWPCA's prohibition on wage deductions can be contractually circumvented by acquiring the written consent of an employee, which provided the

1

requisite flexibility to avoid preemption identified by the Supreme Court in *Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422, 1431–33 (2014). *Id*. at 8. Notably, the Court found:

> Defendant has not shown at this stage that the costs of acquiring consent would have a significant impact on Defendants' prices, routes or services. Perhaps facts will emerge during discovery that will show otherwise, however, the Court finds that the IWPCA is not federally preempted on its face because the law regulates Defendant's relationship with its employees and not its relationship with its customers.

*Id*. (citing *Costello*, 810 F.3d at 1055–56).

In its Opinion, the Court acknowledged a difference in the reasoning applied between the Seventh Circuit in *Costello* and the First Circuit in *Schwann v. FedEx Ground Package Sys., Inc.*, 813 F.3d 429. *See* Op. at 7. In *Schwann*, the First Circuit held that a portion of the Massachusetts wage law was federally preempted because the "logical effect" of the requirement at issue would interfere with the FAAAA's deregulatory objective. *Id*. This Court noted that the First Circuit's "logical effect" test stands in contrast to the Seventh Circuit's test, which focuses on whether the law in question regulates a motor carrier's relationship with its consumers or with its employees. *See id*. at 6–7. The Court further noted that "[w]hile multiple courts in this district have considered the matter, the Third Circuit has yet to reach the issue." *Id*. at 5.

Defendant now moves this Court to certify an order for an interlocutory appeal to the Third Circuit concerning the issue of whether the FAAAA preempts the IWPCA. *See* Def.'s Br. in Supp. of Mot. to Certify Order for Interlocutory Appeal ("Def.'s Mot."), ECF No. 39. Defendant argues: (1) that the Opinion concerns a controlling question of law, *id*. at 3–4; (2) that the circuit split establishes substantial ground for a difference of opinion, *id*. at 4–5; and (3) that an immediate appeal will advance termination of the litigation, *id*. at 5. Defendant also argues that the Court should stay proceedings pending the outcome of an interlocutory appeal to avoid unnecessary time and costs associated with discovery in a putative class action case. *Id*. at 6.

Plaintiffs oppose, arguing that the difference in reasoning among the circuits does not establish substantial grounds for a difference of opinion concerning preemption and that an interlocutory appeal will not advance termination. *See* Pls.' Opp'n to Def.'s Mot. to Certify ("Pls.' Opp'n") 5–13, ECF No. 40. Plaintiffs further oppose the issuance of a stay in the event that the Court certifies an order for an interlocutory appeal. *Id*. at 13–15. Defendant filed a reply. Def.'s Reply, ECF No. 41.

## II. LEGAL STANDARD

"Under 28 U.S.C. § 1292(b), district courts may, in their discretion, certify an interlocutory order for immediate appeal." *In re Cendant Corp. Secs. Litig.*, 166 F. Supp. 2d 1, 13 (D.N.J. 2001). Section 1292(b) provides three criteria for a district court's exercise of discretion: "[t]he order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed

immediately 'materially advance the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)). "A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Id.* at 755. The difference of opinion and likelihood of termination are discretionary findings made by the district court. *See id.* at 754–55 (determining that there can be "little difficulty" over these criterion). At a practical level, "saving of time of the district court and of expense to the litigants" are highly relevant factors to consider. *See id.* at 755.

### III. DISCUSSION

Matters of first impression concerning the question of whether a federal statute or regulation preempts a conflicting state statute, regulation or common law have been the subject of multiple interlocutory appeals granted by the Third Circuit. *See, e.g.*, *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1013 (3d Cir. 2008) (considering, in part, whether federal copyright law preempted plaintiff's state-law right-of-publicity claim); *Levine v. United Healthcare Corp.*, 402 F.3d 156, 161 (3d Cir. 2005) (considering, in part, whether a New Jersey statute was "saved" from federal preemption by the Employee Retirement Income Security Act); *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 372 (3d Cir. 1999) (considering whether plaintiff's fraud claim was preempted by the Labor-Management Relations Act and the National Labor Relations Act).

Similarly, the Court finds that certification of an order for an interlocutory appeal is warranted here. First, it is indisputable that the question of whether the FAAAA preempts the IWPCA is a "controlling question of law." If the Third Circuit determined that the IWPCA was preempted by the FAAAA, then such a finding would constitute reversible error on final appeal. *See Katz*, 496 F.2d at 755.

Second, the Court finds that there is a clear difference of opinion as evidenced by the differing tests applied by the First and Seventh Circuits in analyzing the same question put to this Court. Plaintiffs attempt to persuade the Court that there is no discernible difference of opinion because the Seventh Circuit, in addition to multiple courts in this district, have already held that the FAAAA does not preempt the IWPCA. *See* Pls.' Opp'n at 6–7. Defendant correctly points out, however, that the question of FAAAA preemption is a question of federal law, which does not bind the Third Circuit to the Seventh Circuit's holding in *Costello*. *See* Def.'s Reply at 3.

Plaintiffs further suggest that the *Schwann* holding does not create a difference of opinion because it only found that one of the three prongs of the Massachusetts employee test was preempted, leaving the other two prongs as effective state law. *See* Pls.' Opp'n at 7–9. This argument is equally unavailing. As previously noted, it is the *differing tests* applied by the circuit courts that creates the substantial difference of opinion. The First Circuit applied a "logical effect" test, whereas the Seventh Circuit applied a relational test—*i.e.*, whether the state law governs a motor carrier's relationship with its consumers (preempted) or its employees (not preempted). It is not difficult to envision a scenario

where the "logical effect" of the IWPCA, or any other state law governing motor carriers and their employees, creates a significant impact on a motor carrier's prices, routes or services, thereby resulting in polar opposite outcomes depending on which test is applied.

Third, the Court finds that certification of an order could materially advance termination of the instant litigation. If the Third Circuit grants an interlocutory appeal and subsequently holds that the FAAAA preempts the IWPCA, then Plaintiffs' case will be completely terminated because all other claims were dismissed with prejudice by this Court in the March 7 Opinion. In light of § 1292(b)'s purpose to avoid "wasted trial time and litigation expense," the Court concludes that the three factors are met and certification is warranted. *See Katz*, 496 F.2d at 756. In that same light, the Court finds that a stay of the district court proceedings pending the outcome of Defendant's petition for an interlocutory appeal is warranted. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (citing *Landis*, 299 U.S. at 254–55).

## IV. CONCLUSION

For the reasons stated above, Defendant's motion is **GRANTED** and the Court will certify an order for interlocutory appeal to the Third Circuit concerning the question of whether the FAAAA preempts the IWPCA. Defendant's request for a stay of the district court proceedings pending the outcome of its petition for an interlocutory appeal before the Third Circuit is also **GRANTED**. An appropriate order follows.

                                                   */s/ William J. Martini*
                                                **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 20, 2017**