UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO LUPIAN, JUAN LUPIAN, ISAIAS LUNA, JOSE REYES and EFRAIN LUCATERO, individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH CORY HOLDINGS,<br><br>Defendant. | Docket No.: 16-cv-5172<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Preliminary Approval of a Class Action Settlement, ECF No. [50-1] ("Motion"), filed on April 30, 2019. Defendant consents to the Motion. For the reasons set forth below, the Motion is **GRANTED**.

I.  BACKGROUND

   A. Factual Background and Procedural Posture

Defendant Joseph Cory Holdings LLC ("Cory" or 'Defendant") provides delivery services for various national furniture retailers in Illinois. ECF No. [1] ¶ 13. Plaintiffs Alejandro Lupian, Isaias Luna, Jose Reyes, and Efrain Lucatero ("Plaintiffs") worked for Defendant as delivery truck drivers. *Id.* ¶ 13–14. Plaintiffs were paid a set wage, did not receive overtime, and had certain amounts deducted from their paychecks for insurance, unsatisfactory deliveries, and other expenses. Although Plaintiffs each signed a contract which stated that they were independent contractors, Plaintiffs allege that they should have been classified as employees under Illinois law and that the amounts Defendant deducted from their wages were impermissible.[1] Plaintiffs further allege that they worked more than forty hours a week but were not paid overtime in compliance with state law.

---

[1] The parties agree that this Court has jurisdiction based on a New Jersey forum selection clause contained in the contracts. ECF No. [50-1] at 2.

Based on these facts Plaintiffs initially filed this action on August 25, 2016, alleging violations of the Illinois Wage Payment and Collections Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9; the New Jersey Wage Payment Law, N.J. Stat. §§ 34:11-4.2, 24:11-4.4; and the New Jersey Wage and Hour Law, N.J. Stat. §§ 34:11-56a(4). Plaintiffs also asserted a count for unjust enrichment.

Defendant's subsequently moved to dismiss, arguing that (1) the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c), preempts the state wage law claims; (2) Plaintiffs lack standing to bring the New Jersey law claims; and (3) Plaintiffs' unjust enrichment claim fails because a contract governs the relationship of the parties. ECF No. [8]. On March 7, 2017, the Court granted in part and denied in part Defendant's motion to dismiss. ECF No. [36]. Specifically, the Court granted Defendant's motion to dismiss with prejudice the New Jersey state law claims and the unjust enrichment claim based on contract and choice of law principles. *Id.* The Court further found IWPCA was not preempted by the FAAAA and denied Defendant's motion to dismiss that claim. Defendant moved the Court to certify an order for interlocutory appeal concerning the issue of whether the FAAAA preempts the IWPCA, which the Court granted. ECF No. [42]. The Third Circuit appeal ensued.

On February 5, 2019, the mandate issued from the Third Circuit affirming this Court's preemption holding. ECF No. [48], *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127 (3d Cir. 2018). The parties subsequently participated in mediation and reached a proposed class-wide settlement. Now they jointly move for certification of a settlement class. ECF No. [50].

## II. LEGAL STANDARD

A class action may be certified if: (1) the class is so numerous that joinder is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy"). *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 780 (3d Cir. 2009) (quoting Fed. R. Civ. P. 23(a)).

In addition to Rule 23(a), a plaintiff must also meet one of the requirements set forth in Rule 23(b). *Id.* Plaintiff's here seek certification of a settlement class under Rule 23(b)(3), which permits certification only if (1) questions of law or fact common to class members predominate over individual questions ("predominance"), and (2) a class action is the superior method for fairly and efficiently adjudicating the controversy ("superiority"). Fed. R. Civ. P. 23(b)(3). To determine predominance and superiority, the Court considers: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 615–16 (1997).

Each Rule 23 requirement must be established by a preponderance of the evidence. *In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015). While the class certification analysis may "entail some overlap with the merits of the plaintiff's underlying claim," the court considers merits questions only to the extent they are relevant to performing the "rigorous analysis" required to determine whether the Rule 23 prerequisites are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).

The requirements of Rule 23 apply to both classes certified for trial and classes certified for settlement. *Amchem*, 521 U.S. at 615. In the case of a settlement class, the district court may consider the proposed settlement agreement in determining whether certification is appropriate. *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 308 (3d Cir. 1998). However, for settlement classes, Rule 23's manageability inquiries are somewhat diminished, while the analysis of the fairness to the class and protection of absentee members is equally rigorous. *Id.* (citing *Amchem*, 521 U.S. at 620).

## III. DISCUSSION

### A. The Rule 23(a) Requirements

#### a. Numerosity

Numerosity is satisfied when joinder of all putative class members is impracticable. Fed. R. Civ. P. 23(a)(1). Where the number of potential plaintiffs exceed forty, the numerosity requirement is generally fulfilled. *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001). Here, the parties state that the proposed class has approximately 200 members. ECF No. [50-1] at 5. The Court finds numerosity satisfied.

#### b. Commonality

Commonality considers whether there are "'questions of law common to the class[.]' Commonality is satisfied when there are classwide answers." *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 482 (3d Cir. 2015) (quoting Fed. R. Civ. P. 23(a)(2) and citing *Dukes*, 564 U.S. at 350). Commonality requires that the class members have "suffered the same injury," and not merely that "they have all suffered a violation of the same provision of law." *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 489–90 (3d Cir. 2018) (quoting Dukes, 564 U.S. at 349). Thus, the members of the class must assert a common contention that is capable of classwide resolution such that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* (quoting *Dukes*, 564 U.S. at 350); *see also Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 597 (3d Cir. 2012) (noting that the "commonality requirement 'does not require identical claims or facts among class member[s]" (citations omitted)).

Here, the parties argue that the settlement class meets commonality because each member has suffered the same injury when he was improperly classified as an independent contractor and thus subjected to certain impermissible wage deductions. ECF No. [50-1] at 9. The Court agrees. Common question of law regarding whether each delivery truck driver was improperly classified is subject to common answers and capable of classwide resolution. Minor differences between the delivery driver's work schedules or wage

3

deductions do not defeat commonality. Commonality is thus satisfied.

### c. Typicality

"The concepts of commonality and typicality are broadly defined and tend to merge." *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (citation omitted). "The typicality inquiry centers on whether the interest of the named plaintiffs align with the interests of the absent members." *Stewart*, 275 F.3d at 227 (citation omitted). Thus, the typicality requirement ensures "that the class representatives are sufficiently similar to the rest of the class—in terms of their legal claims, factual circumstances, and stake in the litigation—so that certifying those individuals to represent the class will be fair to the rest of the proposed class." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 597 (3d Cir. 2009). " '[C]ases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims.' " *Stewart*, 275 F.3d at 227 (quoting *Neal*, 43 F.3d at 58). "Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the [absent] class members, and if it is based on the same legal theory." *Id.* at 227–28 (quoting *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992)).

For the typicality inquiry, a court thus compares "the attributes of the plaintiff, the class as a whole, and the similarity between the plaintiff and the class." *Marcus*, 687 F.3d at 598. In so doing, the court considers:

> (1) the claims of the class representative must be generally the same as those of the class in terms of both (a) the legal theory advanced and (b) the factual circumstances underlying that theory; (2) the class representative must not be subject to a defense that is both inapplicable to many members of the class and likely to become a major focus of the litigation; and (3) the interests and incentives of the representative must be sufficiently aligned with those of the class.

*Id.*

Here, the record reflects that the named plaintiffs' claims are sufficiently typical of the class. Each named plaintiff signed an agreement classifying him as an independent contractor, was actually classified as such by the Defendant, and was subjected to various wage deductions as a result. The claims of the representatives, therefore, are generally the same as those of the class, each of whom also signed a contract, was misclassified, and was subjected to wage deductions. The legal theories and factual circumstances underlying their claims are typical of the claims of the class as a whole, thus aligning their interests with the interests of the class. Accordingly, the Court finds that Plaintiffs meet the requirements of typicality. *See Neal*, 43 F.3d at 57–58.

### d. Adequacy

Adequacy "encompasses two distinct inquiries designed to protect the interests of absentee class members." *In re Prudential Ins. Co. Am. Sales Prac. Litig.*, 148 F.3d 283, 312 (3d Cir. 1998). "First, [it] tests the qualifications of the counsel to represent the class." Id. "Second, it 'serves to uncover the conflicts of interest between named parties and the class they seek to represent.'" *Id.* (quoting *Amchem*, 521 U.S. at 625).

Counsel for plaintiffs has submitted adequate documentation that the attorneys on this matter at Berger Montague PC, Siegel & Dolan Ltd., and Lichten & Liss-Riordan, P.C., are experienced and knowledgeable plaintiffs' class action attorneys and have litigated cases in this state's Supreme Court and nationally related to wage misclassification and alleged improper wage deductions. They have further been appointed class counsel in at least ten federal class action settlements. The Court finds Plaintiffs' counsel qualified.

As to the second prong, the Court finds no conflicts of interest between the named parties and the class. *Amchem*, 521 U.S. 591, 625–26. Plaintiffs—as delivery truck drivers similarly affected by Defendant's alleged improper classification—will adequately represent the interests of the class. Although the Court notes that the settlement includes an incentive payment of $15,000 to each named plaintiff, such payments are not atypical for class representatives and do not impact their ability to adequately represent the class.

## B. The Rule 23(b) Requirements

### a. Predominance

Here the parties seek to certify a settlement class under Rule 23(b)(3), and as such the Court must examine whether its two other requirements are met. As to predominance, the court evaluates whether "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. Rule 23(b)(3). The inquiry, while similar to the considerations under Rule 23(a)'s commonality requirement, is a "far more demanding" standard that requires the Court to determine if the proposed class is sufficiently cohesive that members of the class may use the same evidence to make a prima facie showing of their claims and those claims are subject to classwide proof. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). "[T]he focus of the predominance inquiry is on whether the defendant's conduct was common as to all of the class members, and whether all of the class members were harmed by the defendant's conduct." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 298 (3d Cir. 2011); *see also In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 528 (3d Cir. 2004) (finding predominance in "broad-based" campaign to deceive providers and patients regarding a generic equivalent).

The Court must examine through the prism of Rule 23(b)(3) the elements of each of the causes of action for certification and ask whether proof of the essential elements require individual treatment. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 266 (3d Cir. 2009) (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d

Cir. 2001)); *see also Neal*, 794 F.3d at 370–71. The mere existence of individual questions does not preclude a finding of predominance, nor does the possibility that some individualized inquiry as to damages may be required. *Neal*, 794 F.3d at 371. Rather, the Court engages in a qualitative examination of both common and individual issues. *Id.* (citing *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 468 (2013)). With regard to wage and classification questions, the Third Circuit has observed that these claims can be resolved with evidence that is common to the class. *Williams v. Jani-King of Philadelphia Inc.*, 837 F.3d 314, 325 (3d Cir. 2016).

Here, the parties do not dispute and the Court agrees that common questions predominate. Each class member was allegedly improperly classified as an independent contractor and was subject to certain wage deductions. No individual inquiry will be necessary regarding Defendant's liability to each class member. Rather, Defendant uniformly classified each class member as an independent contractor in contravention to the IWPCA, and the common proofs required to demonstrate this violation predominate over individualized inquiries. The Court thus finds the class satisfies predominance.

### b. Superiority

Finally, the Court examines the second Rule 23(b)(3) factor: superiority. To satisfy superiority, a plaintiff must demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). This inquiry requires the Court to "balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." *Danvers Motor Co. v. Ford Motor Co.*, 543 F.3d 141, 149 (3d Cir. 2008) (citation omitted).

The parties again assert that this requirement is satisfied, and the Court agrees. This case has approximately 200 class members who likely have little interest or ability to litigate their individual claims states away in District Court in New Jersey. *Warfarin*, 391 F.3d at 534. Litigating these claims separately would further unduly burden the judicial system. *Id.* Fairness and efficiency accordingly weigh in favor of a finding that a class action is the superior method of adjudicating these claims. *See In re Tropicana Orange Juice Mktg. & Sales Practices Litig.*, No. CV 2:11-07382, 2019 WL 2521958, at *6 (D.N.J. June 18, 2019).

### C. The Certified Class

"Under Rule 23(c)(1)(B), a sufficient certification order must, in some clear and cogent form, define the claims, issues, or defenses to be treated on a class basis." *Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 189 (3d Cir. 2006). Here, while the Court only preliminarily certifies the class, it does so for the following class definition:

> All persons who entered into a Dedicated Contract Carrier Agreement and/or Transportation Services Agreement individually or on behalf of another entity for the provision of delivery services in the State of Illinois and personally

6

provided delivery services in the State of Illinois for Joseph Cory Holdings LLC during the period between August 25, 2006 and February 15, 2019.

The Court further holds that the claim to be certified is Count I alleging violations of IWPCA, 820 Ill. Comp. Stat. 115/9. ECF No. [1] at ¶¶33–38.

## IV. THE PROPOSED SETTLEMENT

Having recommended the Court find that the class satisfies the requirements of Rule 23 for class certification, the Court now turns to whether it should preliminarily approve the proposed class settlement. The Third Circuit has observed that there is "an overriding public interest in settling class action litigation, and it should therefore be encouraged." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004); *see also In re Prudential*, 148 F.3d at 317. This preliminary evaluation is not binding on the court and is granted unless a proposed settlement is obviously deficient. *Jones v. Commerce Bancorp, Inc.*, No. 05-5600 RBK, 2007 WL 2085357, at *2 (D.N.J. July 16, 2007). Instead, it solely establishes an initial presumption of fairness. *In re GMC Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995). This initial "presumption of fairness for the settlement is established if the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Cendant Corp. Litig.*, 264 F.3d 201, 232 n. 18 (3d Cir.2001) (citing *In re General Motors*, 55 F.3d at 785). After a grant of preliminary approval and notice is sent to the class, the district court sets the matter for a final fairness hearing. *Id.*; *see also Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010)

Here, Court finds the proposed settlement is adequate and fair on preliminary review. The parties have negotiated at arm's length with the assistance of an experienced mediator after litigation of this matter for nearly three years. Defendant has agreed to pay $2,675,000, from which each class member will receive a pro rata share of lost wages which, on average amounts to $7,400. Plaintiffs state that they have conducted a thorough review of Defendant business records to calculated various deductions, some of which may not be permissible under Illinois law, and some of which may be permissible. Plaintiffs' counsel, who have frequently litigated wage class actions, aver that while individual litigation of each claim may result in claims significantly more that $7,400, legal issues may also preclude recover for some class members all together. *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 225, 263 (D. N.J. 2000) (collecting cases). Accordingly, this settlement adequately accounts for the risk of further litigation.

Moreover, Court finds the proposed attorney's fees reasonable. The settlement provides for $891,666.67 in attorneys fees, which is approximately one third of the settlement amount. That fee is based on a one-third percentage of recovery and is consistent with counsel's contingency arrangement with the named plaintiffs. Such percentage awards are consistent with fees in this District in contingency cases. *See In re Merck & Co., Inc. Vytorin Erisa Litig.,* 2010 WL 547613, at *9 (D.N.J. Feb. 9, 2010)

(approving one-third fees); *In re Safety Components, Inc. Sec. Litig.*, 166 F. Supp. 2d 72, 101-02 (D.N.J. 2001) (same and collecting cases). The Court finds that the reasonableness of this fee amount is further buttressed by the significant costs of this case, including motion practice, discovery, and appeal to the Third Circuit. Finally, the Court finds the payments to the named plaintiffs reasonable considering the typical payments to individuals in employment cases. *Dewey v. Volkswagen of America*, 728 F. Supp. 2d 546, 577-78 (D.N.J. 2010). Accordingly, the Court preliminarily approves the class settlement.

## V. NOTICE

Federal Rule of Civil Procedure 23(e)(1) provides that the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The Rule 23(e) notice is designed to summarize the litigation and the settlement and to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation." *In re Prudential*, 148 F.3d at 327 (3d Cir. 1998) (quoting 2 Newberg on Class Actions § 8.32 at 8–109.)

The Court has reviewed the settlement notice and finds it adequate. The parties shall use the notice and claim form set forth as Exhibit 2 to the instant Motion and shall fill in the "blanks" in the notice for time to file claims, object, or otherwise respond to reflect a date **sixty days from the date that notice is mailed**. The parties shall modify the notice to include **the fairness hearing date, time, and location** in any "blanks" as appropriate in the notice consistent with the accompanying order. The parties shall further add the date, time, and location of the fairness hearing in bold lettering on the first page of the notice.

## VI. CONCLUSION

For the reasons stated above, the motion for preliminary approval of the class action settlement is **GRANTED**. An appropriate order follows this Opinion.

**Dated: July 22, 2019**

                                             */s/ William J. Martini*
                                             **WILLIAM J. MARTINI, U.S.D.J.**