# EXHIBIT 1

**SETTLEMENT AGREEMENT AND**
**<u>RELEASE OF CLAIMS</u>**

# TABLE OF CONTENTS

I.      DEFINITIONS ................................................................................................ 1
II.     FACTUAL BACKGROUND ........................................................................... 5
   1.   Procedural History ................................................................................. 5
   2.   Class Representatives' Claims. ............................................................. 5
   3.   Discovery, Investigation, and Research ................................................ 5
   4.   Allegations of the Class Representatives and Benefit of Settlement ......... 6
   5.   Defendant's Denial of Wrongdoing and Liability ................................. 6
   6.   Intent of Agreement .............................................................................. 7
III.    CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL .............. 7
IV.     SETTLEMENT CONSIDERATION ............................................................... 7
   1.   Settlement Class Fund .......................................................................... 7
   2.   Incentive Payments for Class Representatives ..................................... 8
   3.   Payment to Class Claimants ................................................................. 8
   4.   Class Counsel Fees and Expenses ....................................................... 9
V.      SETTLEMENT FUNDING AND DISTRIBUTION .......................................... 9
   1.   Allocation of the Settlement Class Fund Amount ................................ 9
   2.   Payment by Defendant .......................................................................... 9
   3.   Time for Payment of Class Counsel Fees and Expenses ..................... 10
   4.   Time for Payment of Incentive Payments to Class Representatives ........ 10
   5.   Time for Payment of Individual Settlement Amounts .......................... 10
   6.   Calculation of Individual Settlement Amounts ................................... 10
   7.   Non-Cashed Settlement Checks ......................................................... 11
   9.   Cy Pres Amount .................................................................................. 11
   10.  Non-Reversionary Settlement ............................................................ 11
VI.     MOTIONS FOR COURT APPROVAL ......................................................... 11
   1.   Preliminary Approval .......................................................................... 11
   2.   Final Approval .................................................................................... 11
VII.    CLAIMS PROCEDURE ............................................................................... 12
   1.   Notice to Settlement Class Members. ................................................. 12
   2.   Claims Procedure ............................................................................... 13
   3.   Opt-Out and Objection ....................................................................... 14
VIII.   Nullification of Settlement ........................................................................ 14
   1.   Non-Approval of the Settlement ......................................................... 14
   2.   Invalidation ......................................................................................... 14
   3.   Stay Upon Appeal ............................................................................... 14
IX.     RELEASES AND WAIVERS ........................................................................ 15
   1.   Release by Settlement Class Members Who Are Not Opt-Outs .............. 15
   2.   Release of Claims by Class Representatives ...................................... 15
   3.   Release by Defendant. ........................................................................ 16
X.      CONFIDENTIALITY ................................................................................... 16
   1.   Confidentiality of Settlement Class Member Information. .................. 16
   2.   Non-Disclosure of Settlement Information. ........................................ 17
   3.   Media or Press. ................................................................................... 17
XI.     DUTIES OF THE PARTIES ......................................................................... 17

i

|       | 1. | Mutual Full Cooperation | 17 |
|       | 2. | Duty to Support and Defend the Settlement | 17 |
|       | 3. | Duties Prior to Court Approval | 17 |
|       | 4. | CAFA Notice | 18 |
| XII.  | MISCELLANEOUS | | 18 |
|       | 1. | Signatory Authorization to Settle | 18 |
|       | 2. | Different Facts | 18 |
|       | 3. | No Prior Assignments | 18 |
|       | 4. | Integration Clause | 18 |
|       | 5. | Construction | 18 |
|       | 6. | Modification | 18 |
|       | 7. | Non-Admission | 19 |
|       | 8. | Non-Disparagement | 19 |
|       | 9. | Governing Law | 19 |
|       | 10. | Captions and Interpretations | 19 |
|       | 11. | Court Jurisdiction Over Settlement | 19 |
|       | 12. | Attorney Fees, Costs and Expenses | 19 |
|       | 13. | Execution in Counterparts | 19 |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by plaintiffs, ALEJANDRO LUPIAN, JUAN LUPIAN, ISAIAS LUNA, JOSE REYES, and EFRAIN LUCATERO (the "Class Representatives") individually and on behalf of the Settlement Class, as defined below, and Defendant, JOSEPH CORY HOLDINGS LLC.   This Agreement is subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and is made for the sole purpose of attempting to consummate settlement of this Action on a classwide basis subject to the following terms and conditions.  As detailed below, in the event the Court does not enter an order granting final approval of the Settlement for any reason, this Agreement shall be void and shall be of no force or effect.

## I.   DEFINITIONS

1.   **Action.**  "Action" shall mean the civil action filed on August 25, 2016 by Alejandro Lupian, Juan Lupian, Isaias Luna, Jose Reyes, and Efrain Lucatero against Defendant Joseph Cory Holdings LLC. in United States District Court of New Jersey under Case No. 2:16-cv-05172.

2.   **Carrier.**  "Carrier" shall mean all persons who entered into a Dedicated Contract Carrier Agreement and/or a Transportation Services Agreement individually or on behalf of another entity for the provision of delivery services in the State of Illinois and personally provided delivery services in the State of Illinois for Cory during the period between August 25, 2006 and February 15, 2019.

3.   **Claim Form.** "Claim Form" shall mean the Claim Form And Individual Release, as set forth in the form of Exhibit B, or as otherwise approved by the Court, which is to be mailed to Settlement Class Members.

4.   **Claims.**  "Claims" shall mean the claims asserted in the Action, including any claim arising out of or related to those Claims.

5.   **Claims Deadline.**  "Claims Deadline" shall mean the date 60 days following the date on which Class Counsel first mails Class Notice to the Settlement Class Members.

6.   **Claims Period.**  "Claims Period" shall mean the period commencing on the date Class Notices are first mailed and ending 60 days thereafter.

7.   **Class Claimants.**  "Class Claimants" shall mean any and all Settlement Class Members who submit a valid and timely Claim Form, including any Settlement Class Member who submits a Claim Forms that is accepted under the terms of this Agreement.

8.   **Class Counsel.** "Class Counsel" shall mean Lichten & Liss-Riordan, P.C., Siegel & Dolan Ltd., and Berger & Montague, P.C.

9. **Class Counsel Fees and Expenses.** "Class Counsel Fees and Expenses" shall mean Class Counsel's attorney fees and expenses as set forth in Article III, Section 4 (Settlement Consideration – Class Counsel Fees and Expenses).

10. **Class Notice.** "Class Notice" shall mean the Notice of Proposed Class Action Settlement, as set forth in the form of Exhibit A attached hereto, or as otherwise approved by the Court, which is to be mailed to Settlement Class Members along with a blank IRS Form W9.

11. **Class Representatives.** "Class Representatives" shall mean Plaintiffs Alejandro Lupian, Juan Lupian, Isaias Luna, Jose Reyes, and Efrain Lucatero.

12. **Class Period.** "Class Period" shall mean the period between August 25, 2006 and February 15, 2019.

13. **Complaint.** "Complaint" shall mean the Complaint filed in the United States District Court for New Jersey on August 25, 2016 in this Action.

14. **Cory**. "Cory" shall mean Defendant Joseph Cory Holdings LLC a/k/a Cory 1st Choice Home Delivery.

15. **Court.** "Court" shall mean the United States District Court for New Jersey.

16. **Cy Pres Amount.** "Cy Pres Amount" shall be the difference, if any, between the Settlement Class Fund amount along with interest earned thereon, and the aggregate of the Individual Settlement Amounts distributed to Class Claimants plus Class Counsel Fees and Expenses plus the Incentive Payments.

17. **Defendant.** "Defendant" shall mean Cory.

18. **Defendant Releasees**. "Defendant Releasees" shall mean Defendant, and Defendant's present and former parent companies, subsidiaries, divisions, related or affiliated companies, owners, shareholders, officers, directors, employees, consultants, agents, attorneys, insurers, successors and assigns, any individual or entity which could be jointly liable with Defendant, and all other persons acting under the supervision, direction, control or on behalf of any of the foregoing. Specifically, "Defendant Releases" shall include Defense Counsel, J.B. Hunt Transport Services, Inc., only as the successor to Defendant, Patrick Cory, Marin Dragojevic, Jessica Cory, Jennifer Cory, Virginia Carhuff, and Joseph Cory III.

19. **Defense Counsel.** "Defense Counsel" shall mean Scopelitis, Garvin, Light, Hanson, & Feary, P.C.

20. **Delivery Service Agreement.** "Delivery Service Agreement" shall collectively mean a Dedicated Contract Carrier Agreement and/or a Transportation Services Agreement.

21. **Effective Date.** "Effective Date" shall be the date when all of the following events have occurred: (a) this Agreement has been executed by all Parties and by Class Counsel and one or more Defense Counsel; (b) the Court has given preliminary approval to the Agreement; (c) Class Notice has been given as provided in this Agreement; (d) the Court has held a final approval hearing and entered a final order and judgment certifying the Settlement Class and approving this Settlement; and (e) the later of the following events:  the expiration of the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or the dismissal of any appeal, writ, or other appellate proceeding opposing the Settlement with no right to pursue further remedies or relief; or any appeal, writ, or the issuance of such other final appellate order upholding the Court's final order with no right to pursue further remedies or relief.

22. **Final Approval Date.** "Final Approval Date" shall mean the date upon which the Court enters an order finally approving the fairness, reasonableness and adequacy of the Settlement.

23. **Incentive Payments.** "Incentive Payments" shall mean any additional monetary payment provided to the Class Representatives for their efforts and risks on behalf of the Settlement Class in this Action as set forth in Article III, Section 2 (Settlement Consideration – Incentive Payments for Class Representatives).

24. **Individual Settlement Amounts.** "Individual Settlement Amounts" shall mean the amount which is ultimately distributed to each Class Claimant.

25. **Net Settlement Amount.** "Net Settlement Amount" shall mean the Settlement Class Fund less Class Counsel Fees and Expenses and Incentive Payments.

26. **Opt-Outs.** "Opt-Outs" shall mean any and all persons who timely and validly request exclusion from the Settlement Class in accordance with the terms of the Class Notice or as otherwise approved by the Court.

27. **Opt-Out Request.** "Opt-Out Request" shall mean a timely and valid request for exclusion from the Settlement Class in accordance with the terms of the Class Notice or as otherwise approved by the Court.

28. **Parties.** "Parties" shall mean the Class Representatives and Defendant.

29. **Preliminary Approval Date.** "Preliminary Approval Date" shall mean the date upon which the Court enters an order preliminarily approving this Settlement.

30. **Released Claims.** "Released Claims" shall mean any and all claims, demands, rights, liabilities, and/or causes of action which Settlement Class Members asserted in the Action, and any and all claims, demands, rights, liabilities, and/or causes of action related to or dependent upon

Settlement Class Members being classified as "independent contractors" instead of "employees," which could have been asserted in the Action against Defendant.  Released Claims include, without limitation, all rights and claims under the Illinois Wage Payment and Collection Act (820 Ill. Comp. Stat. 115/1 et seq.) (the "IWPCA"), the Illinois common law claims of unjust enrichment, wage and hour related claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever which could have been asserted in the Action for wages including claims under the Fair Labor Standards Act and Illinois Minimum Wage Law, benefits, damages, costs, penalties, liquidated damages, treble damages, punitive damages, interest, attorney fees, litigation costs, restitution, equitable relief, or other relief, and any claims of alleged unjust and/or improper (1) classification as an independent contractor and/or non-employee exempt from federal and state minimum wage and/or overtime laws, or any other alleged misclassification under federal or state laws or any alleged misclassification related to employment-related claims; (2) deductions from compensation and/or wages; (3) failure to pay minimum wages; (4) failure to provide proper pay stubs or other records related to hours worked, wages earned, and/or payroll deductions; (5) failure to pay, indemnify, and/or reimburse for work-related expenses; (6) failure to pay all wages when due; (7) failure to calculate and/or pay overtime compensation; (8) failure to keep and maintain any records required to be kept or maintained under federal and/or state wage and hour laws; and/or (9) enrichment in any manner of Defendant by any conduct alleged in this Action.

     **31.**   **Settlement.**  "Settlement" shall mean the settlement between the Parties, which is memorialized in this Settlement Agreement and Release of Claims, including any attached exhibits.

     **32.**   **Settlement Class.**  "Settlement Class" shall mean the Class Representatives and Carriers.  If any member of the Settlement Class provided delivery services in the name of a business entity, the business entity shall be considered one and the same as the individual person for all purposes of this Settlement.

     **33.**   **Settlement Class Fund.**  "Settlement Class Fund" shall mean the gross amount of Two Million, Six Hundred and Seventy-Five Thousand and 00/100 ($2,675,000) dollars, which will be paid as described below, and which represents full payment for the Released Claims, including the Class Counsel Fees and Expenses, Incentive Payments, aggregate Individual Settlement Amounts, and Cy Pres Amount.

     **34.**   **Settlement Class Member.**  "Settlement Class Member" shall mean any person who is a member of the Settlement Class or, if such person is incompetent or deceased, the person's legal guardian, executor heir, or successor-in-interest, who does not opt-out of the Settlement.

35. **Settlement Class Member Information.** "Settlement Class Member Information" shall mean for each Settlement Class Member, (1) the name of the individual or entity with which Cory contracted; (2) the individual or business entity's last known address, email address and cellphone number (3) the years the individual or business entity performed services; and (4) updated data regarding the number of weeks contracted with Cory.

36. **Work Weeks.** "Work Weeks" shall mean the number of weeks the Settlement Class Member provided delivery services during the Class Period.

## II.   FACTUAL BACKGROUND

1. **Procedural History.** Plaintiffs Alejandro Lupian, Juan Lupian, Isaias Luna, Jose Reyes, and Efrain Lucatero initiated this lawsuit on August 25, 2016 by filing their complaint in United Stated District Court for New Jersey alleging that Defendant's actions violated the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1 et seq. (Count I), the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. §§ 34:11-4.2, 24:11-4.4 (Count II), the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. §§ 34:11-56a(4) (Count III), and constituted unjust enrichment (Count IV).  On September 19, 2016, Defendant filed a motion to dismiss. (ECF No. 8.) On March 7, 2017, the Court denied Defendant's motion to dismiss with respect to Count I and granted it with respect to Counts II-IV. (ECF No. 36.) Defendant filed an Answer on March 21, 2017. (ECF. No. 38.)

Defendant filed a motion for leave to file an interlocutory appeal on March 24, 2017. (ECF No. 39.) The Court granted Defendant's motion for leave to file an interlocutory appeal, and Defendant filed its Notice of Appeal. (ECF. Nos. 43-45.) On September 27, 2018, the United States Court of Appeal for the Third Circuit affirmed the decision of the Court. On October 25, 2018, Defendant filed a motion to reconsider, which was denied by the Third Circuit on January 28, 2019.

The Parties attended a full-day mediation on February 20, 2019 before mediator Michael Irvings, a nationally recognized class action wage and hour expert.  The parties reached a tentative settlement at the mediation.

2. **Class Representatives' Claims.**  The Action alleges Defendant misclassified the Settlement Class Members as independent contractors and currently asserts claims for alleged violations of the IWPCA, 820 Ill. Comp. Stat. 115/1 et seq.  Class Representatives believe they have meritorious claims based on these alleged violations of Illinois law.  Defendant has denied and continues to deny any liability to the Class Representatives and the Settlement Class and has raised various defenses to the Claims.

3. **Discovery, Investigation, and Research.**  Class Counsel conducted an investigation into the facts during the prosecution of the Action.  This discovery and investigation has included, among other things (a) multiple meetings and conferences with the Class Representatives; (b) inspection and analysis

of documents produced by the Class Representatives and Defendant; (c) analysis of the legal positions taken by Defendant; (d) investigation into the viability of class treatment of the Claims; (e) extensive analysis of class-wide damages; (f) research of the applicable law with respect to the Claims and potential defenses thereto; (g) actively litigating the case for over two years with numerous motions and an interlocutory appeal; and (h) participating in a full-day mediation.

The Class Representatives have vigorously prosecuted this case, and Defendant has vigorously contested it.  The Parties have engaged in sufficient investigation and discovery to assess the relative merits of the Claims and of Defendant's defenses to them.

4.     **Allegations of the Class Representatives and Benefit of Settlement.**  The factual investigation, discovery and litigation conducted in this matter, which included extensive preparation for mediation as well as discussions between Class Counsel and Defense Counsel, has been adequate to give the Class Representatives and Class Counsel a sound understanding of the merits of their positions and to evaluate the worth of the Claims of the Settlement Class.  This Agreement was reached after arm's-length bargaining, culminating in an agreement between the Parties through mediator Michael Irvings.  The information exchanged by the Parties through mediation is sufficient to reliably assess the merits of the Parties' respective positions and to compromise the issues on a fair and equitable basis. In addition, Class Counsel Lichten and Liss-Riordan, P.C., has used its in house data analyst to calculate the likely damages/deductions recoverable at trial.

The Class Representatives and Class Counsel believe that the allegations and contentions asserted in the Action have merit.  However, the Class Representatives and Class Counsel recognize uncertainty regarding the issue of preemption and acknowledge the expense and delay of continued lengthy proceedings necessary to prosecute the Action against Defendant through trial and through further appeals.  Class Counsel has taken into account the uncertain outcome of the litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential risk of class certification.  Class Counsel is mindful of the potential problems of proof under, and possible defenses to, the Claims alleged in the Action.

Class Counsel believes that this Agreement confers substantial benefits upon the Class Representatives and the Settlement Class Members and that an independent review of this Agreement by the Court in the approval process will confirm this conclusion.  Based on their own independent investigation and evaluation, Class Counsel has determined that the Agreement is in the best interests of the Class Representatives and the Settlement Class Members.

5.     **Defendant's Denial of Wrongdoing and Liability**.  Defendant has denied and continues to deny each and all of the Claims and contentions alleged by the Class Representatives in the Action.

Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged in the Action. Defendant contends that it complied in good faith with Illinois' laws, properly classified the Class Representatives and Settlement Class Members under applicable state and federal law and has dealt legally and fairly with Class Representatives and Settlement Class Members. Defendant further contends that all of Plaintiffs' claims are preempted. Defendant further denies that, for any purpose other than settling this Action, these Claims are appropriate for class or representative treatment. Nonetheless, Defendant has concluded that further proceedings in the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement in order to dispose of burdensome and protracted litigation and to permit the operation of Defendant's business without further expensive litigation and the distraction and diversion of its personnel with respect to matters at issue in the Action. Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. Defendant has, therefore, determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Agreement.

6.   **Intent of Agreement**.  The Agreement set forth herein intends to achieve the following: (1) entry of an order approving the Agreement; (2) entry of judgment and dismissal with prejudice of the Action; and (3) discharge of Defendant Releasees from liability for any and all of the Released Claims.

### III.   CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

1.   **The Settlement Class.** For the purposes of this Settlement only, the Parties stipulate to Certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

2.   **Appointment of Class Counsel.**  For purposes of this Settlement and subject to the Court's approval, the Parties hereby stipulate to the appointment of Class Counsel as counsel for the Settlement Class and the effectuation of the Settlement.

### IV.   SETTLEMENT CONSIDERATION

1.   **Settlement Class Fund.**  The Settlement Class Fund shall not exceed or be less than the aggregate sum of $2,675,000.  The Settlement Class Fund shall constitute adequate consideration for the Agreement and will be made in full and final settlement of: (a) the Released Claims, (b) the release by the Class Representatives; (c) the Class Counsel Fees and Expenses; (d) the Incentive Payments; (e) the aggregate of all Individual Settlement Amounts; (f) the Cy Pres Amount, if any; and (g) any other obligation of Defendant under this Agreement.  Except as provided for in Section VII(2), under no circumstances shall Defendant be required to pay more than the Settlement Class Fund for any reason

whatsoever related to or under this Agreement.  Under no circumstances shall any amount of the Settlement Class Fund revert to Defendant.

2.  **Incentive Payments for Class Representatives.**  Class Representatives may petition the Court to approve Incentive Payments.  Plaintiffs Alejandro Lupian, Juan Lupian, Isaias Luna, Jose Reyes, and Efrain Lucatero may each petition the Court for an Incentive Payment in an amount up to $15,000 for their efforts on behalf of the Settlement Class in this Action, including assisting in the investigation and consulting with Class Counsel.  Defendant shall not oppose any request by Class Representatives for Incentive Payments in such amounts.  Any Incentive Payments approved by the Court shall be paid to Class Representatives from the Settlement Class Fund and shall be in addition to any distribution to which they may otherwise be entitled as Settlement Class Members.  Such Incentive Payments shall not be considered wages, and the administrator of the Settlement Class Fund shall issue each of the Class Representatives a Form 1099 reflecting such payment.  Each of the Class Representatives shall be responsible for the payment of any and all taxes with respect to his Incentive Payment and shall hold Defendant Releasees harmless from any and all liability with regard thereto.  If Incentive Payments are reduced by the Court, the amount of the reduction ordered by the Court will be added to the Net Settlement Amount and shall not revert to Cory.

3.  **Payment to Class Claimants.**  Each Class Claimant shall be eligible to receive payment of the Individual Settlement Amount, which is a share of the Net Settlement Amount based on a formula described below in Section V(6).  Each Class Claimant, including Class Representatives, shall be responsible for the payment of any and all taxes with respect to his or her Individual Settlement Amount. Defendants shall have no responsibility for deciding the validity of the Individual Settlement Amounts or any other payments made pursuant to this Settlement, shall not be liable under any circumstances for any errors in the decision of any claims, shall have no involvement in or responsibility for the determination or payment of taxes and required withholdings, if any, and shall have no liability for any errors made with respect to the calculation of any Individual Settlement Amounts.  Settlement Class Members represent and understand that they shall be solely responsible for any and all tax obligations associated with their respective Individual Settlement Amounts.  All Individual Settlement Amounts shall be deemed to be paid to Settlement Class Members solely in the year in which such payments are actually received by the Settlement Class Members.  It is expressly understood and agreed that the receipt of the Individual Settlement Amounts will not entitle any Settlement Class Member to additional compensation or benefits under any of Defendant's compensation or benefit plans or agreements in place during the period covered by the Settlement, nor will it entitle any Settlement Class Member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits.  It is the intent of this Settlement that the

Individual Settlement Amounts are the sole payments to be made to the Settlement Class Members, and that the Settlement Class Members are not entitled to any new or additional compensation or benefits as a result of having received the Individual Settlement Amount (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).  On the back of each Individual Settlement Amount check the following language shall appear that will also constitute opt-in consent required by the FLSA and agreement that he/she has been paid in full for any and all FLSA and Illinois State wage and hour claims he/she might have had against Defendant: "By endorsing this check, I am providing opt-in consent to release all FLSA claims covered by the Settlement in addition to the release of all claims covered by the Settlement."

       4.   **Class Counsel Fees and Expenses**.  As part of the motion for final approval of the Settlement, Class Counsel may submit an application for an award of Class Counsel Fees, Expenses, and costs of administration, not to exceed $891,666.67.  Defendant agrees not to object to any such fee, cost or expense application in this amount.  As a condition of this Agreement, Class Counsel has agreed to pursue fees and expenses only in the manner reflected by this Section.  Any Class Counsel Fees and Expenses awarded by the Court shall be paid from the Settlement Class Fund and shall not constitute payment to any Settlement Class Members.  If Counsel fees are reduced by the Court and Class Counsel Fees and Expenses is less than set forth above, the amount of the reduction ordered by the Court will be added to the Net Settlement Amount and shall not revert to Cory.

       The Class Counsel Fees and Expenses approved by the Court shall encompass:  (a) all work performed and costs and expenses incurred by, or at the direction of, any attorney purporting to represent the Settlement Class related to this Action; (b) all work to be performed and costs to be incurred in connection with approval of the Agreement; and (c) all work to be performed and costs and expenses, if any, incurred in connection with administering the Settlement through the Effective Date.

**V.**    **SETTLEMENT FUNDING AND DISTRIBUTION**

       1.   **Allocation of the Settlement Class Fund Amount**.  The Settlement Class Members are settling for the Settlement Class Fund amount of $2,675,000, which will be allocated as follows: (a) Class Counsel Fees and Expenses; (b) Incentive Payments; (c) the aggregate of all Individual Settlement Amounts; and (d) the Cy Pres amount, if any.

       2.   **Payment by Defendant.**  Within 14 days after the Effective Date, Defendant will deposit $2,675,000 with Class Counsel to pay (i) the Class Counsel Fees and Expenses, (ii) Incentive Payments; (iii) the Individual Settlement Amounts to be paid to Class Claimants; and (iv) the Cy Pres Award, if any. In no event shall Defendant be required to pay more than the Settlement Class Fund amount of $2,675,000.  Class Counsel shall place the Settlement Class Fund in a segregated, interest bearing trust

account until payments are made to Class Claimants and Class Representatives.  The Parties agree, and Class Counsel shall warrant, that the funds deposited in this account shall constitute a qualifying, designated settlement fund pursuant to Section 468B of the Internal Revenue Code.

3.   **Time for Payment of Class Counsel Fees and Expenses.**  Class Counsel is entitled to withdraw the Class Counsel Fees and Expenses approved by the Court immediately upon Defendant depositing the Settlement Class Funds with Class Counsel in accordance with Section 2 of this Article.

4.   **Time for Payment of Incentive Payments to Class Representatives.**  Class Counsel shall distribute to Class Representatives the Incentive Payments approved by the Court no later than 14 days after the Defendant deposits the Settlement Class Funds with Class Counsel in accordance with Section 2 of this Article.

5.   **Time for Payment of Individual Settlement Amounts.**  Class Counsel shall mail the Individual Settlement Amount to each Class Claimant, by first-class U.S. mail, to the last-known address no later than 14 days after the Defendant deposits the Settlement Class Funds with Class Counsel in accordance with Section 2 of this Article.  Under no circumstances shall Class Counsel distribute checks to Class Claimants until all timely Claim Forms have been considered, calculated, and accounted for, and the all of the remaining monetary obligations have been calculated and accounted for.  In the event that any Class Claimant is deceased, payment shall be made payable to the estate of that Settlement Class Member and delivered to the executor or administrator of that estate

6.   **Calculation of Individual Settlement Amounts.**  Individual Settlement Amounts for each Class Claimant shall be paid from the Net Settlement Fund.  The Class Claimants' shares of the Net Settlement Fund will be based on the following formula:

Class Claimants shall receive credit for each Work Week.  Class Counsel shall divide the Net Settlement Amount by the total number of Work Weeks for all Class Claimants in order to establish a dollar amount per Work Week (the "Weekly Amount").  Each Class Claimant's Individual Settlement Amount shall be calculated by multiplying the Class Claimant's number of Work Week by the Weekly Amount.

Cory shall have no responsibility for deciding the validity of the Individual Settlement Amounts or any other payments made pursuant to this Settlement, and shall not be liable under any circumstances for any errors in the decision of any claims, shall have no involvement in or responsibility for the determination or payment of taxes and required withholdings, if any, and shall have no liability for any errors made with respect to the calculation of any Individual Settlement Amount.  Settlement Class Members represent and understand that they shall be solely responsible for any and all tax obligations associated with their respective Individual Settlement Amounts.  All Individual Settlement Amounts shall

be deemed to be paid to Settlement Class Members solely in the year in which such payments are actually received by the Settlement Class Members.

7. **Non-Cashed Settlement Checks**. Each Class Claimant must cash his or her check for the Individual Settlement Amount within 90 days after it is mailed to him or her. If a check is returned to Class Counsel, Class Counsel will make all reasonable efforts to re-mail it to the Class Claimant at his or her correct address. If any Class Claimant's Individual Settlement Amount check is not cashed within 75 days after it is mailed or re-mailed, whichever is later, Class Counsel will notify the Class Claimant informing him or her that, unless the check is cashed within 15 days of the date of the letter, it will expire and become non-negotiable and offering to replace the check if it was lost or misplaced, but not cashed. If the check remains uncashed by the expiration of the 15-day period after this notice, Class Counsel will void the check. In such event, the Class Claimant will nevertheless remain bound by the Settlement, including the release of the Released Claims.

8. **Reserve**. A Reserve of $30,000 shall be held back from the distribution of Individual Settlement Amounts to account for the possibility that one or more Class Claimants may dispute the calculation of their Individual Settlement Amount, or if a Class Claimant's late Claim Form is accepted after the date of the distribution. If this Reserve is not distributed to one or more Class Claimants, it shall be given to the *cy pres* beneficiary defined below.

9. **Cy Pres Amount.** Within 150 days after Class Counsel mails the Individual Settlement Amount checks, Class Counsel shall distribute any funds remaining from uncashed checks on a *cy pres* basis to Legal Assistance Foundation of Chicago.

10. **Non-Reversionary Settlement**. The entirety of the Settlement Class Fund will be utilized to pay Class Claimants, the Class Representatives, Class Counsel Fees and Expenses, or the *cy pres* beneficiary according to the terms of this Settlement. The Parties agree that no amount of the Settlement Class Fund will revert back to Defendant once paid pursuant to this Settlement.

## VI. MOTIONS FOR COURT APPROVAL

1. **Preliminary Approval.** Class Counsel will submit this Agreement to the Court along with a Motion for Preliminary Approval of the Settlement the Parties have mutually agreed to, which shall include the proposed notices and claim forms to be sent to Settlement Class Members. Each party shall cooperate to present the Agreement to the Court for preliminary approval in a timely fashion.

2. **Final Approval.** Prior to the final approval hearing, Class Counsel will submit a Motion for Final Approval of the Settlement the Parties have mutually agreed upon. At the hearing on the Motion for Final Approval of the Settlement, Class Representatives and Defendant shall jointly request the Court enter a final order certifying the Settlement Class for settlement purposes only, approve the Settlement as

required by Federal Rule of Civil Procedure 23(e), and enter a final judgment of dismissal with prejudice of the Action consistent with the terms of the Settlement.  Class Counsel and Defense Counsel shall submit to the Court such pleadings and/or evidence as may be required for the Court's determination.  The Action shall be dismissed with prejudice within 10-days after Class Counsel sends Defense Counsel its accounting as described in Article V, Section 9 (Cy Pres Award) as part of the consideration for the Settlement.

## VII.  CLAIMS PROCEDURE

1.  **Notice to Settlement Class Members.**  Within 21-days after the Preliminary Approval, Defendant will provide Class Counsel with the Settlement Class Member Information.  The Settlement Class Member Information shall be confidential and Class Counsel shall not use it for any purpose other than to administer this Settlement. Defendant will provide class counsel the Settlement Class Member Information via electronic file share and shall separately email Class Counsel the password to access the Settlement Class Member Information.   Within 21-days following the Preliminary Approval Date, Class Counsel will send notice of the Settlement in the form attached hereto as Exhibit A along with an blank IRS Form W9 to Settlement Class Members' last-known addresses.  Class Counsel may also send notice of the Settlement in the form attached hereto as Exhibit A to Settlement Class Members via email or text message if an email or cellphone number is known.  Class Counsel will thereafter follow up promptly on undeliverable addresses and attempt to locate the Settlement Class Members' updated addresses through people-finder software and skip-trace searches through the United States Postal Service.  Additionally, Class Counsel may call the telephone numbers of Settlement Class Members to attempt to obtain updated addresses, as necessary, and Defendant will cooperate in providing such numbers to the extent such numbers are known by Defendant.  In no event, and under no circumstances, shall Class Counsel contact any Settlement Class Member regarding, in any way, the prospective representation or potential representation of any Settlement Class Member relating to any of the Released Claims, except as specifically provided herein. Further, Class Counsel shall return to Defense Counsel all Settlement Class Member Information, along with all information received by Class Counsel relating to the Settlement, including information relating to the Class Notice. No copies or duplication of any of the information described herein shall be made by Class Counsel or retained by Class Counsel. Settlement Class Member Information shall be provided to Defense Counsel within 150 days after Class Counsel mails the Individual Settlement Amount checks. The Parties recognize and agree that this provision is reasonable and necessary because Defendant is allowing Class Counsel to act as class administrator rather than having Class Counsel employ a class administrator, and that this information would not otherwise be received by, or available to, Class Counsel. Notwithstanding, nothing herein shall prevent Class Counsel

from maintaining a copy of each Claim Form received from Class Claimants or from maintaining records necessary to perform all tax reporting duties, including issuance of IRS Forms 1099 to Class Claimants, as required by law.

       2.   **Claims Procedure.**  In order for a Settlement Class Member to receive an Individual Settlement Amount, the Claim Form attached as Exhibit B along with a completed IRS Form W9 must be received by Class Counsel by the Claims Deadline.  In order to Opt-Out of the Settlement, the Settlement Class Member must submit a written request to opt out of the settlement within 60 days of the mailing of Class Notice.  Any opt-out request received after the deadline, without good cause shown, will be invalid. Class Counsel, with Defense Counsel's consent, however, may at their discretion accept any Claim Form that has been received five days before the Final Approval Hearing, or, for good cause shown, up to five days before a Net Settlement Amount is distributed (the "Good Cause Shown Deadline").  In the event that, prior to the Claims Deadline, any Class Notice mailed to a Settlement Class Member is returned as having been undelivered by the U.S. Postal Service, Class Counsel shall perform a skip trace search and seek an address correction for such Settlement Class Member(s), and a second Class Notice will be sent to any new or different address obtained. Such Settlement Class Member(s) shall have an additional 14 days in which to return the Claim Form or to opt out.

       It will be presumed that, if an envelope containing the Class Notice has not been returned within 28 days of the mailing, the Settlement Class Member received the Class Notice.  This presumption does not preclude Class Counsel from making additional attempts during the Claims Period to contact the Settlement Class Member about the Class Notice via a follow-up mailing, email, or phone call which Class Counsel commit to do.  If Class Counsel determines that a Claim Form returned by a Settlement Class Member before the Claims Deadline is deficient, then Class Counsel shall mail a deficiency letter to that Settlement Class Member identifying the problem and either returning the Claim Form for completion or, if deemed necessary by Class Counsel, sending a new Claim Form no later than seven days after receipt of the deficient Claim Form.  To share in the distribution of the Net Settlement Amount, the Settlement Class Member must return a correctly completed Claim Form by the last of the following to occur: (a) the Claims Deadline; (b) 14 calendar days after Class Counsel mails the deficiency letter ("Claim Filing Deficiency Deadline"); or (c) the Good Cause Shown Deadline which shall be five days before payments are to be mailed out, and which Class Counsel will administer liberally in order in order to pay shares to the greatest number of class members possible.  Those Settlement Class Members who have not returned a completed Claim Form within these Deadlines shall not be eligible for an Individual Settlement Amount, but shall nevertheless be bound by the Release of Released Claims.

3.    **Opt-Out and Objection**.  Any Settlement Class Member may request exclusion from the Settlement by submitting a written and signed request for exclusion to Class Counsel which includes the following information: (1) the individual's name, address and telephone number; (2) a statement that the individual wishes to be excluded from the Settlement; and (3) a statement that the individual understands that he or she will not be eligible to receive any payment from this Settlement.  To be effective, a Settlement Class Member's request for exclusion must be sent to Class Counsel, post-marked no later than 60 days after mailing of the notice of class settlement.  This deadline applies notwithstanding any assertion of non-receipt of the respective notice and claim forms.  Any Settlement Class Member who submits a valid and timely request for exclusion shall not be a member of the Settlement Class, shall be barred from participating in this Settlement, shall receive no monetary benefit from this Settlement, and shall not be subject to the releases and waivers in this Agreement including, but not limited to, the Released Claims.

Settlement Class Members who wish to object to the Settlement must file written objections and serve copies on counsel for the parties within 60 days of the mailing of the notice of class settlement.  Class Counsel shall inform the Court of any timely filed objection, and shall provide a copy to the Court and Defense Counsel.  The Parties shall not solicit nor otherwise encourage, directly or indirectly, any objections to this Settlement.

**VIII.   NULLIFICATION OF SETTLEMENT**

1.    **Non-Approval of the Settlement.**  If (a) the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties, or (b) the Court should for any reason fail to enter a judgment and dismissal with prejudice of the Action, or (c) the approval of the Agreement and judgment and dismissal is reversed, modified or declared or rendered void, then the Agreement and conditional class certification shall be considered void, and neither the Agreement, conditional class certification, nor any of the related negotiations or proceedings, shall be of any force or effect, and all parties to the Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.  Notwithstanding the foregoing, the Parties may attempt in good faith to cure any perceived defects in the Agreement to facilitate approval.

2.    **Invalidation.**  Invalidation of any material portion of the Settlement shall invalidate the Settlement in its entirety, unless the Parties shall subsequently agree in writing that the remaining provisions of the Settlement are to remain in full force and effect.

3.    **Stay Upon Appeal.**  In the event of a timely appeal from the approval of the Settlement and judgment and dismissal, the judgment shall be stayed, and Defendant shall not be obligated to fund the

Settlement Class Fund or take any other actions required by this Settlement until all appeal rights have been exhausted by operation of law.

## IX.   RELEASES AND WAIVERS

**1.   Release by Settlement Class Members Who Are Not Opt-Outs.**  It is the desire of the Parties and the Settlement Class Members who are not Opt-Outs to fully, finally, and forever settle the Released Claims.  Accordingly, each Settlement Class Member who is not an Opt-Out fully, finally, and forever releases the Defendant Releasees of and from any Released Claims through February 15, 2019. Settlement Class Members forever agree that they, and each of them, shall not institute, nor accept any other relief from, any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Defendant Releasees related to the Released Claims through February 15, 2019.

**2.   Release of Claims by Class Representatives**.  The Class Representatives, on behalf of themselves, and any business entities through which they performed services on behalf of Defendant, and their heirs, executors, administrators, and representatives, shall and do hereby forever release, discharge and agree to hold harmless the Defendant Releasees from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney fees and costs), known or unknown, at law or in equity, which they may now have or may have after the signing of this Agreement, against Defendant arising out of or in any way connected with their work for Defendant including, the Released Claims, claims that were asserted or could have been asserted in the Action, and any and all transactions, occurrences, or matters between the parties occurring prior to the Effective Date.  Without limiting the generality of the foregoing, this release shall include, but not be limited to, any and all claims under the (a) Americans With Disabilities Act, as amended; (b) Title VII of the Civil Rights Act of 1964, as amended; (c) the Civil Rights Act of 1991; (d) 42 U.S.C. § 1981, as amended; (e) age discrimination claims under the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act; (f) the Fair Labor Standards Act, as amended; (g) the Equal Pay Act; (h) the Employee Retirement Income Security Act, as amended; (i) the Consolidated Omnibus Budget Reconciliation Act; (j) the Rehabilitation Act of 1973; (k) the Family and Medical Leave Act; (l) the Civil Rights Act of 1966; and (m) any and all other federal, state and local statutes, ordinances, regulations, rules and other laws, and any and all claims based on constitutional, statutory, common law or regulatory grounds as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, fraud, misrepresentation, promissory estoppel or intentional and/or negligent infliction of emotional distress, or damages under any other federal, state or local statutes, ordinances, regulations, rules or laws.  This

release is for any and all relief, no matter how denominated, including, but not limited to, back pay, front pay, vacation pay, bonuses, compensatory damages, tortious damages, liquidated damages, punitive damages, damages for pain and suffering, and attorney fees and costs, and the Class Representatives hereby forever release, discharge and agree to hold harmless the Defendant Releasees from any and all claims for attorney fees and costs arising out of the matters released in this Settlement. The Class Representatives also agree that, to the extent permitted by law, if a claim is prosecuted in their name against a Defendant Releasee before any court or administrative agency, they waive, and agree not to take, any award of money or other damages from such proceeding. The Class Representatives agree that, unless otherwise compelled by law, if a claim is prosecuted in any of their names against the Defendant Releasees that they will immediately request in writing that the claim on their behalf be withdrawn.

*The Class Representatives further acknowledge entitlement to consider for 21 days whether to accept the terms of this Release, and that Class Representatives are not waiving rights or claims that may arise after the date this Stipulation is executed. By executing this Settlement before the expiration of the 21-day period, Class Representatives do so voluntarily, upon the advice and with the approval of Class Counsel, and Class Representatives expressly and voluntarily waive their rights to consider the terms of the Release in this Stipulation during any remaining portion of the 21-day period. Class Representatives also understand that, after signing this Settlement, each Class Representatives has the right to revoke it as to himself only within seven days after signing. Class Representatives acknowledge that they have been advised to consult with an attorney prior to executing this Agreement. Class Representatives further acknowledge that they are receiving value beyond that to which they are already entitled.*

3.    **Release by Defendant.**  The Defendant hereby releases and forever discharges each Class Representative from any and all manner of legal or equitable action or cause of action, suits, claims, liabilities, damages, restitution, interest, penalties, attorneys' fees, costs and expenses of any kind or nature whatsoever, known or unknown, which they now have, ever had, or shall later have against each Class Representative arising out of or relating to or in connection with any of the matters alleged or that could have been alleged in this Action including, without limitation, breach of contract and indemnification, arising out of this Action, and any damages or legal costs incurred by Defendant thereto or matters between the parties occurring prior to the Effective Date.

## X.    CONFIDENTIALITY

1.    **Confidentiality of Settlement Class Member Information.**  Class Counsel agrees to (i) hold the Settlement Class Member Information in strictest confidence; (ii) not disclose or divulge the Settlement Class Member Information to any Settlement Class Member, including the Class Representatives, or to any third party except as otherwise required in this Agreement; (iii) keep the

Settlement Class Member Information in secure facilities; and (iv) use the Settlement Class Member Information exclusively for or to assist in administration of this Settlement and for no other purpose, including, but not limited to, fact-gathering, discovery, or communication with Settlement Class Members for any purpose other than administration of this Settlement.

2.    **Non-Disclosure of Settlement Information.**   Other than to effectuate this Settlement, Class Counsel and Class Representatives agree that they will not communicate with nor disclose in any way to anyone information regarding or relating to this Action, the Claims asserted therein, this Settlement, or the amount of money paid pursuant to this Settlement and/or the amount of money Class Counsel, Class Representatives, and/or any Settlement Class Member received as a result of this Settlement.

3.    **Media or Press.**   In no event shall Class Counsel and/or Class Representatives issue or cause to be issued any press release or communication, via any medium, to any media or media representative, and Class Counsel and Class Representatives shall not otherwise communicate to any media or media representative, information regarding this Action, the Claims asserted therein, this Settlement, or the amount of money paid pursuant to this Settlement and/or the amount of money Class Counsel, Class Representatives, and/or any Settlement Class Member received as a result of this Settlement.

XI.    **DUTIES OF THE PARTIES**

1.    **Mutual Full Cooperation.**   The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Agreement.  Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other actions as may reasonably be necessary to fulfill the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by court order or otherwise, to effectuate this Agreement and the terms set forth herein.  As soon as practicable after execution of this Agreement, Class Counsel, with the cooperation of Defendant and Defense Counsel, shall take all necessary and reasonable steps to secure the Court's final approval of this Agreement.

2.    **Duty to Support and Defend the Settlement.**   The Parties agree to abide by all of the terms of the Settlement in good faith and to support the Settlement fully and to use their best efforts to defend this Settlement from any legal challenge, whether by appeal or collateral attack.

3.    **Duties Prior to Court Approval.**   Class Counsel shall promptly submit this Agreement to the Court for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Agreement, Class Counsel shall apply to the Court for the entry of a preliminary order scheduling a hearing on the question of whether the proposed Settlement should be approved as fair, reasonable, and adequate as to the Settlement Class Members, approving as to

form and content the proposed Class Notice as agreed to by the Parties, and directing the mailing of the Class Notice to Settlement Class Members.  Defense Counsel shall not oppose the motion for preliminary approval or join in the motion, provided that after review, it does not oppose any of its terms.

     **4.**    <u>**CAFA Notice**</u>.  If it has not done so by the date this agreement is executed, Cory will promptly issue notice of this Settlement as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

## XII.   <u>MISCELLANEOUS</u>

     **1.**    <u>**Signatory Authorization to Settle**</u>.  The signatories to this Agreement hereby represent that they are fully authorized to enter into this Agreement and bind the Parties to the terms and conditions of this Agreement, and that the Class Representatives' signatures also bind any business entity through which the Class Representatives provided services for Defendant.

     **2.**    <u>**Different Facts.**</u>  The Parties hereto, and each of them, acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute and all claims released by the terms of this Agreement may turn out to be other than or different from the facts now known by each Party and/or its counsel, or believed by such Party or counsel to be true, and each Party therefore expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this Agreement shall be in all respects effective and binding despite such difference.

     **3.**    <u>**No Prior Assignments**</u>.  The Parties represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

     **4.**    <u>**Integration Clause**</u>.  This Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior and contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

     **5.**    <u>**Construction**</u>.  The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Agreement.

     **6.**    <u>**Modification**</u>.  This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

7.    **Non-Admission**.  Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission by any person or party that any person or entity who contracted with, or provided any delivery services for, Defendant is an employee or was improperly classified as an independent contractor, or is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the Defendant Releasees.  Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Agreement is a settlement document and shall be inadmissible in evidence in any proceeding.  The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Agreement.

8.    **Non-Disparagement**.  Each Party agrees that from this time forward it will refrain from making any defamatory, derogatory, or disparaging statements about the other, or any person associated with or representing the other.  Each Party further agrees that from this time forward it will not make or repeat any allegation of illegal, immoral, unethical, or improper conduct about the other, unless ordered to do so by a court of competent jurisdiction or otherwise required by law.

9.    **Governing Law**.  This Agreement is entered into in accordance with the laws of the State of Illinois and shall be governed by and interpreted in accordance with those laws, excluding any choice of law provisions.

10.    **Captions and Interpretations**.  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.  Each term of this Agreement is contractual and not merely a recital.

11.    **Court Jurisdiction Over Settlement**.  The Parties agree that any dispute regarding the interpretation of the terms of this Agreement shall be resolved by the Court.  The Parties further agree that, upon the Final Approval Date, this Agreement shall be binding and enforceable pursuant to applicable law.

12.    **Attorney Fees, Costs and Expenses.**  Except as otherwise specifically provided for herein, each party shall bear his or its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in or arising out of the Action and shall not seek reimbursement thereof from any other party to this Agreement.

13.    **Execution in Counterparts**.  This Agreement may be executed in counterparts with signatures transmitted by facsimile or electronic mail.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other

signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

-- REMAINDER OF PAGE INTENTIONALLY LEFT BLANK --

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Agreement on the date below their signatures or the signature of their representatives.  The date of the Agreement shall be the date of the latest signature.

_____
MARIN DRAGOJEVIC, President
on behalf of Joseph Cory Holdings LLC a/k/a Cory 1ˢᵗ Choice Home Delivery
Dated: \_\_\_\_\_April 25\_\_\_\_\_, 2019


_____
ALEJANDRO LUPIAN, Named Plaintiff
Dated: _____, 2019


_____
JUAN LUPIAN, Named Plaintiff
Dated: _____, 2019


_____
ISAIAS LUNA, Named Plaintiff
Dated: _____, 2019


_____
JOSE REYES, Named Plaintiff
Dated: _____, 2019


_____
EFRAIN LUCATERO, Named Plaintiff
Dated: _____, 2019

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Agreement on the date below their signatures or the signature of their representatives.  The date of the Agreement shall be the date of the latest signature.

_____
 [name, title]
 on behalf of Joseph Cory Holdings LLC a/k/a Cory 1st Choice Home Delivery
Dated: _____, 2019

_____
ALEJANDRO LUPIAN, Named Plaintiff
Dated: 04/26/2019 _____, 2019

_____
JUAN LUPIAN, Named Plaintiff
Dated: _____, 2019

_____
ISAIAS LUNA, Named Plaintiff
Dated: _____, 2019

_____
JOSE REYES, Named Plaintiff
Dated: _____, 2019

_____
EFRAIN LUCATERO, Named Plaintiff
Dated: _____, 2019

Doc ID: d646a7df93c2e7e9c7c97c5ce1105cb637874eba

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Agreement on the date below their signatures or the signature of their representatives.  The date of the Agreement shall be the date of the latest signature.

_____
 [name, title]
 on behalf of Joseph Cory Holdings LLC a/k/a Cory 1st Choice Home Delivery
 Dated: _____, 2019

_____
ALEJANDRO LUPIAN, Named Plaintiff
Dated: _____, 2019

_Juan Lupian_
_____
JUAN LUPIAN, Named Plaintiff
Dated: _04/26/2019_____, 2019

_____
ISAIAS LUNA, Named Plaintiff
Dated: _____, 2019

_____
JOSE REYES, Named Plaintiff
Dated: _____, 2019

_____
EFRAIN LUCATERO, Named Plaintiff
Dated: _____, 2019

21

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Agreement on the date below their signatures or the signature of their representatives.  The date of the Agreement shall be the date of the latest signature.


_____

 [name, title]
 on behalf of Joseph Cory Holdings LLC a/k/a Cory 1st Choice Home Delivery
Dated: _____, 2019



_____
ALEJANDRO LUPIAN, Named Plaintiff
Dated: _____, 2019



_____
JUAN LUPIAN, Named Plaintiff
Dated: _____, 2019



_____
ISAIAS LUNA, Named Plaintiff
Dated: 04/26/2019 _____, 2019



_____
JOSE REYES, Named Plaintiff
Dated: _____, 2019



_____
EFRAIN LUCATERO, Named Plaintiff
Dated: _____, 2019

Doc ID: eaba6c7723544d4d963c99be948bc3f31890de89

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Agreement on the date below their signatures or the signature of their representatives.  The date of the Agreement shall be the date of the latest signature.


_____
 [name, title]
 on behalf of Joseph Cory Holdings LLC a/k/a Cory 1st Choice Home Delivery
Dated: _____, 2019


_____
ALEJANDRO LUPIAN, Named Plaintiff
Dated: _____, 2019


_____
JUAN LUPIAN, Named Plaintiff
Dated: _____, 2019


_____
ISAIAS LUNA, Named Plaintiff
Dated: _____, 2019


_____
JOSE REYES, Named Plaintiff
Dated: 04/26/2019 _____, 2019


_____
EFRAIN LUCATERO, Named Plaintiff
Dated: _____, 2019

Doc ID: 9cb4b3726c240a846eb78d7d9febeff816c0e94b

**IN WITNESS WHEREOF,** the Parties and their counsel have executed this Agreement on the date below their signatures or the signature of their representatives.  The date of the Agreement shall be the date of the latest signature.


_____
[name, title]
on behalf of Joseph Cory Holdings LLC a/k/a Cory 1st Choice Home Delivery
Dated: _____, 2019


_____
ALEJANDRO LUPIAN, Named Plaintiff
Dated: _____, 2019


_____
JUAN LUPIAN, Named Plaintiff
Dated: _____, 2019


_____
ISAIAS LUNA, Named Plaintiff
Dated: _____, 2019


_____
JOSE REYES, Named Plaintiff
Dated: _____, 2019


_____
EFRAIN LUCATERO, Named Plaintiff
Dated: 04/26/2019 _____, 2019

21

Doc ID: c1ca2774e0f4455a4eea14ecc4d4fff265914745

## APPROVED AS TO FORM AND CONTENT

Dated: 4/29/19

SCOPELITIS GARVIN LIGHT
HANSON & FEARY, P.C.

By: _____

Christopher J. Eckhart
Attorney for Defendant
Joseph Cory Holdings LLC a/k/a Cory 1st
Choice Home Delivery

Dated: 4/29/19

LICHTEN & LISS-RIORDAN, P.C.

By: _____

Harold L. Lichten
On Behalf of Settlement Class

4836-4608-6028, v. 4

22